Rolf LARSEN, Plaintiff,

v.

SENATE OF THE COMMONWEALTH OF PENNSYLVANIA, et al., Defendants.

Civil Action No. 1:CV–95–1540.

United States District Court, M.D. Pennsylvania.

May 29, 1997.

Cletus P. Lyman, Lyman & Ash, Philadelphia, PA, Michael Steven Fettner, Philadelphia, PA, for Rolf Larsen.

Arlin M. Adams, Michael J. Barry, Schnader, Harrison, Segal and Lewis, Philadelphia, PA, Morey M. Myers, Myers, Brier

& Kelly, Scranton, PA, for Roy C. Afflerbach, Anthony B. Andrezeski, Gibson E. Armstrong, Earl Baker, Albert V. Belan, Clarence D. Bell, Leonard J. Bodack, Michael E. Bortner, David J. Brightbill, J. Doyle Corman, Michael M. Dawida, Michael B. Fisher, Vincent J. Fumo, Stewart J. Greenleaf, Melissa A. Hart, David W. Heckler, Edward W. Helfrick, Edwin G. Holl, Roxanne H. Jones, Robert C. Jubelirer, Gerald J. Lavalle, Charles D. Lemmond, Jr., H. Craig Lewis, J. William Lincoln, F. Joseph Loeper, Roger A. Madigan, Bruce S. Marks, Robert J. Mellow, Harold F. Mowery, Jr., Raphael J. Musto, Michael A. O'Pake, Frank A. Pecora, John E. Peterson, Eugene E. Porterfield, Terry L. Punt, Jeanette F. Reibman, James J. Rhoades, Robert D. Robbins, Frank A. Salvatore, Allyson Y. Schwartz, Tim Shaffer, John J. Shumaker, Patrick J. Stapleton, William J. Stewart, J. Barry Stout, Richard A. Tilghman, Jack Wagner, Noah W. Wenger, Hardy Williams, Individual Senators.

Arlin M. Adams, Michael J. Barry, Schnader, Harrison, Segal and Lewis, Philadelphia, PA, for Robert Nix, John Flaherty, Stephen Zappala, Nicholas Papadakos, Ralph Cappy, Frank Montemuro, Ronald Castille.

W. Thomas McGough, Jr., Pamina G. Ewing, Reed Smith Shaw & McClay, Pittsburgh, PA, for Joseph A. Del Sole, Diane M. Edmundson, Gerald P. Egan, John W. Herron, Frederick Wells Hill, Matthew Antia MacDonald, Gerald J. O'Connor, Andrew Palm, Charles W. Rubendall, II, James E. Russo, Bernard C. Watson, William J. Arbuckle, III, Bruce A. Antkowials, Thomas A. Bergstrom.

Pamina G. Ewing, Reed Smith Shaw & McClay, Pittsburgh, PA, for Arthur J. Edmunds.

Stephen E. Raynes, Arthur G. Raynes, Harold E. Goodman, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, for Administrative Office of Pennsylvania Courts, Nancy M. Sobolevtich, David A. Frankforter.

RAMBO, Chief Judge.

### MEMORANDUM

The court's memorandum and order dated February 28, 1997 spawned the following motions which are presently before the court:

(1) the motion of the individual Senate Defendants for reconsideration, or, in the alternative, motion for certification pursuant to 28 U.S.C. § 1292(b), (2) the motion of Defendants Administrative Office of the Pennsylvania Courts (the "AO"), Nancy Sobolevitch, and David Frankforter for partial reconsideration of the court's February 28, 1997 order and to dismiss all claims against the AO based on Eleventh Amendment immunity, (3) the joint motion of Defendants individual justices of the Pennsylvania Supreme Court, the AO, Nancy Sobolevitch, and David Frankforter to stay proceedings in this court, (4) the motion of Defendants individual members of the Court of Judicial Discipline ("CJD") to clarify and/or amend the court's February 28, 1997 memorandum, (5) Larsen's conditional motion to amend the court's February 28, 1997 order to include the statement prescribed by 28 U.S.C. § 1292(b) if the court determines certification pursuant to the Senate Defendants' motion is appropriate, and (6) Larsen's motion for reconsideration. The issues have been briefed and the motions are ripe for disposition.

### I. *Discussion*

The history of this case and Larsen's claims against the various Defendants were previously and exhaustively set forth in the court's February 28, 1997 memorandum and will not be repeated herein except where relevant to the court's disposition of the instant motions.

### A. The Individual Senate Defendants' Motion for Reconsideration or, in the Alternative, for Certification Pursuant to 28 U.S.C. § 1292(b)

The individual Senators ask the court to reconsider its prior holding that absolute legislative immunity precludes only Larsen's claims for money damages against them personally—not his claims against them in their official capacities for prospective injunctive relief. The court declines to reconsider its prior holding as its decision is in accordance with prior Third Circuit discussion of this issue. *See Acierno v. Cloutier,* 40 F.3d 597, 608 n. 8 (3d Cir.1994) (noting that Third Circuit has held that absolute immunity bars

claims for damages only, not claims for prospective or injunctive relief) (citing *Schrob v. Catterson*, 967 F.2d 929, 939 (3d Cir.1992)).

In the alternative, the Senate Defendants ask the court to certify for immediate appeal the court's February 28 order because the order addresses the following controlling questions of law: (1) whether Larsen's challenge to his impeachment trial before the Pennsylvania Senate presents a justiciable question which can be answered by a federal court, and, if the answer to the preceding question is in the affirmative, (a) does the complaint state a cause of action for the deprivation of due process rights, specifically, did Larsen possess a constitutionally protected property interest in his position as a supreme court justice, and (b) has Larsen stated a claim for the deprivation of his First Amendment rights where he was impeached for conduct which is unrelated to the alleged protected speech, and where he does not dispute that he engaged in the conduct for which he was impeached.

■ Section 1292(b) permits the court in its discretion to certify an interlocutory order where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the termination of the litigation." 28 U.S.C. § 1292(b). The Senate Defendants' treatment in their brief of the three factors the court must consider in deciding whether to certify pursuant to § 1292(b) is relatively scant. Specifically, although Defendants contend that "there are substantial grounds for difference of opinion regarding [the] Court's holdings on the issues of justiciability, due process and First Amendment claims," (Senate Defs.' Br. in Supp. of Recons. at 6), Defendants also note that "research discloses that this case presents the first time any federal court has been asked to review an impeachment trial conducted by a state legislature," (*id.* at 7). Unfortunately, the fact that this case may involve an issue of first impression does not warrant certification pursuant to § 1292(b). Furthermore, none of the cases cited by Defendants suggest that there are substantial grounds for a difference of opinion regarding the applica-

bility of the political question doctrine to federal court challenges to state legislative functions. Accordingly, although the court recognizes that a definitive word from the Third Circuit on the justiciability of Larsen's challenge to the Senate impeachment proceedings would be invaluable in the instant case, Defendants have not demonstrated the existence of the three factors prescribed by § 1292(b). Accordingly, the court will decline to certify based on the question of justiciability.

■ Defendants cite no case law which supports their contention that substantial grounds for a difference of opinion exist regarding the court's holding on the issue of whether the complaint states a claim for deprivation of Larsen's First Amendment rights. Thus, certification based on this question is inappropriate. The court finds, however, that the issue of whether Larsen possessed a property interest in his position is an issue which justifies certification pursuant to §1292(b). Reversal by the Third Circuit of the court's determination that Larsen possessed a "highly circumscribed" interest in his position as a supreme court judge would terminate the majority of Larsen's remaining claims against the individual Senate Defendants, and possibly other Defendants, and, therefore, greatly simplify the litigation. Thus, this issue constitutes a controlling question of law for purposes of certification under § 1292(b).

There are also substantial grounds for a difference of opinion regarding whether Larsen possessed a property interest in his prior position. At least one other district court has reached a different conclusion regarding whether judges in Pennsylvania possess property interests in their positions. *See Guarino v. Larsen*, 821 F.Supp. 1040 (E.D.Pa.), *rev'd on other grounds*, 11 F.3d 1151 (3d Cir.1993). The *Guarino* court's failure to address the Pennsylvania Supreme Court's decisions in *In re 1991 Pennsylvania Legislative Reapportionment Commission*, 530 Pa. 335, 609 A.2d 132 (1992), *cert. denied*, 504 U.S. 921, 112 S.Ct. 1971, 118 L.Ed.2d 571 (1992), and *Sweeney v. Tucker*, 473 Pa. 493, 375 A.2d 698, 698 (1977), led this court in its February 28 memorandum to decline to fol-

low the *Guarino* court's reasoning. Nevertheless, the *Guarino* court's opinion demonstrates that there are substantial grounds for a difference of opinion regarding the issue of whether judges in Pennsylvania hold property interests in their jobs. Accordingly, certification of the court's February 28 order is appropriate on this basis.

Finally, certification of the court's February 28 order is appropriate because an immediate appeal of the issue of whether Larsen possessed a property interest in his job could materially advance the termination of the litigation. Depending on the outcome, appellate review in this case could avoid expensive and protracted discovery on Larsen's due process claims and ultimately eliminate a trial on these issues. Accordingly, the court will certify its February 28, 1997 order pursuant to § 1292(b).

### B. The Motion of the AO, Nancy Sobolevitch, and David Frankforter for Partial Reconsideration of the Court's February 28, 1997 Order

In its February 28, 1997 memorandum, the court declined to grant the AO's motion to dismiss based on Eleventh Amendment immunity because its arguments in support of its position were "conclusory" and provided little basis upon which to determine that dismissal pursuant to the Eleventh Amendment was proper. The AO has now filed a motion for reconsideration of that portion of the court's order, elaborating on its earlier stated position.

■ In essence, the AO argues that the Eleventh Amendment prohibits all of Larsen's claims against it because it is an arm of the state. In its brief in support of its motion for reconsideration, the AO contends that an evaluation of the factors set forth by the Third Circuit in *Peters v. Delaware River Port Auth.*, 16 F.3d 1346, 1350 (3d Cir.1994), *cert. denied,* 513 U.S. 811, 115 S.Ct. 62, 130 L.Ed.2d 20 (1994), mandates dismissal of Larsen's claims against it. The court agrees.

First, any judgment against the AO would be paid from the state treasury. The AO is funded entirely by the Commonwealth. Its budget is part of the judicial branch's budget which is approved by the Pennsylvania legislature. *See* 42 Pa. Cons.Stat. Ann. §§ 1727–1728; *see also* Act of 1995–5A, 1995 Laws of Pennsylvania 749, 849, 853 and 855 (budget appropriations for and allocations by court administrator). Second, pursuant to state law, the AO possesses attributes characteristics of an arm of the state. The administrative authority of the Commonwealth's unified judicial system is created by Article V, § 10(b) of the Pennsylvania Constitution. Pa. Const. Art. V, § 10(b) ("The Supreme Court shall appoint a court administrator and may appoint such subordinate administrators and staff as may be necessary and proper for the prompt and proper disposition of the business of all courts and justices of the peace."). The AO is the Pennsylvania Supreme Court's administrative arm. The AO's sole function is to carry out those administrative and supervisory responsibilities over Pennsylvania's unified judicial system which are expressly delegated to it by the Pennsylvania Supreme Court. *See* 42 Pa. Cons.Stat. Ann. §§ 1901–1903, 1721–1722, 1701–1703; Pa.R.J.A. 501–508. The court has already determined that the Pennsylvania Supreme Court is an arm of the state for Eleventh Amendment immunity purposes. Accordingly, its administrative arm also is. The Pennsylvania legislature has evidenced its intent that the AO be deemed an arm of the state by specifically including it in the definition of "Commonwealth government" in the general provisions of the Commonwealth's judicial code. *See* 42 Pa. Cons.Stat. Ann. § 102. Third and finally, the AO does not operate autonomously from the Commonwealth. The AO is funded entirely by the Commonwealth, its functions are specifically delegated to it by the supreme court, and the supreme court appoints and possesses removal authority over the AO's highest official, the court administrator of Pennsylvania. 42 Pa. Cons.Stat. Ann. § 1901; Pa. Const. Art. V, § 10(b). The Pennsylvania Constitution also provides the supreme court with express authority to appoint such subordinate administrators and staff of the AO as necessary for the prompt and proper disposition of the business of the courts. Pa. Cons. Art. V, § 10(b); 42 Pa. Cons.Stat. Ann. § 1903. Because all of the *Peters* factors are

met in this case, the court concludes that the AO is an arm of the Commonwealth for Eleventh Amendment immunity purposes and will grant the AO's motion for reconsideration. Furthermore, as the AO points out, consistent with the court's previous analysis as set forth in its February 28 memorandum at pages 22–25, the Eleventh Amendment also bars Larsen's claims for money damages against Defendants Sobolevitch and Frankforter in their official capacities. Larsen's claims for injunctive and declaratory relief against Defendants Sobolevitch and Frankforter are not barred.

### C. Joint Motion of Individual Supreme Court Members, the AO, and Defendants Sobolevitch and Frankforter for Stay of Proceedings in this Court

The individual Supreme Court Defendants, the AO, and Defendants Sobolevitch and Frankforter have moved to stay further proceedings in this court. The Supreme Court and AO Defendants have also indicated to the court that they intend to file an appeal of the court's February 28 order denying their motion to dismiss Larsen's claims against them based on qualified immunity. Indeed, Defendants filed a joint notice of appeal on March 27, which was premature due to the filing of their motion for reconsideration. However, upon issuance of this memorandum and accompanying order disposing of the AO's motion for reconsideration, the court presumes that the supreme court and AO Defendants will pursue their appeal. Such an appeal would temporarily divest this court of jurisdiction over Larsen's claims against them. A stay by this court of Larsen's claims against the individual supreme court Defendants, the AO and Defendants Sobolevitch and Frankforter would be superfluous. Accordingly, the court will deny Defendants' joint motion for a stay.

### D. Motion by Individual Members of the CJD for Clarification and/or Amendment of the Court's February 28, 1997 Memorandum

In subparagraph six of the court's February 28 order, the court dismissed all claims asserted against the individual members of the CJD in the personal and official capacities. The court's memorandum, however, did not explicitly set forth the basis for its dismissal of Larsen's claims against the individual members of the CJD in their personal capacities. This omission was an oversight by the court. The court's conclusion that abstention under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), was appropriate requires dismissal of all claims asserted against the individual members of the CJD, including Larsen's claims against them in their personal capacities. Accordingly, the court will grant the CJD members' motion and amend page thirty-six of the court's February 28 memorandum to reflect that the granting of abstention under *Younger* effectuates a dismissal of all claims against the individual CJD members in both their official and personal capacities. In light of its decision to abstain, the court declines to address the CJD Defendants' argument that the doctrine of judicial immunity operates to bar Larsen's claims against them.

### E. Larsen's Conditional Motion to Amend the Court's February 28 Order to Include Statement Pursuant to 28 U.S.C. § 1292(b) and Motion for Reconsideration

Larsen moves the court to reconsider several portions of its February 28 decision. None of the grounds argued by Larsen justify reconsideration of the court's prior rulings and his motion will be denied in its entirety.

Additionally, the court will deny Larsen's motion to certify the court's February 28 order pursuant to § 1292(b). The issues identified by Larsen are not ones for which there are substantial grounds for differences of opinion. Accordingly, certification pursuant to § 1292(b) is inappropriate. The court will deny the motion.

## II. *Conclusion*

The court will grant the Senate Defendants' motion to certify the court's order of February 28, 1997 for the reasons stated in this memorandum. The court will grant the AO, and Defendants Sobolevitch and Frankforter's motion for reconsideration. The mo-

tion of the Supreme Court Defendants, the AO, and Defendants Sobolevitch and Frankforter for a stay will be denied. The court will grant the individual CJD member's motion to clarify and/or amend and Larsen's motions will be denied in their entirety.

An appropriate order will be issued.

### *ORDER*

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

(1) The motion of the individual Senate Defendants for reconsideration, or, in the alternative, motion for certification pursuant to 28 U.S.C. § 1292(b) is **DENIED IN PART AND GRANTED IN PART:**

   (a) The court declines to reconsider its memorandum and order dated February 28, 1997;

   (b) The court's order of February 28, 1997 is amended to include the following paragraph: "Pursuant to 28 U.S.C. § 1292(b), the court certifies that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation."

(2) The motion of the Administrative Office of the Courts, Nancy Sobolevitch, and David Frankforter for partial reconsideration of the court's February 28, 1997 order and to dismiss all claims against the Administrative Office based on Eleventh Amendment immunity is **GRANTED:**

   (a) All claims asserted against the Administrative Office of the Courts are **DISMISSED;**

   (b) Larsen's claims for damages against Defendants Sobolevitch and Frankforter in their personal capacities are **DISMISSED.**

(3) The joint motion of the individual justices of the Pennsylvania Supreme Court, the Administrative Office of the Pennsylvania Courts, Nancy Sobolevitch, and David Frankforter to stay proceedings in this court is **DENIED.**

(4) The motion of the individual members of the Court of Judicial Discipline to clarify and/or amend the court's February 28, 1997 memorandum is **GRANTED** in that page thirty-six of the court's February 28, 1997 memorandum is amended to reflect that the granting of abstention under *Younger v. Harris* results in the dismissal of the individual Court of Judicial Discipline members in their official and personal capacities.

(5) Larsen's conditional motion to amend the court's February 28, 1997 order to include the statement prescribed by 28 U.S.C. § 1292(b) if the court determines certification pursuant to the Senate Defendants' motion is appropriate is **DENIED.**

(6) Larsen's motion for reconsideration is **DENIED.**